UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:22-cv-00625-MOC
(CRIMINAL CASE NO. 3:16-cr-00221-MOC-DCK-1)

| | | |
|---|---|---|
| **ROBERT LESLIE STENCIL,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Petitioner's "Motion to Reconsider Because of Bios [*sic*] and Prejudice," which the Court will address under Rule 59(e) of the Federal Rules of Civil Procedure, and a motion to recuse the undersigned. [CV Doc. 7].[1]

## I. BACKGROUND

The Court previously detailed the relevant factual and procedural background in this matter in its May 8, 2023 Order denying and dismissing with prejudice Petitioner's Section 2255 Motion to Vacate, Set Aside or Correct Sentence, [see CV Doc. 5], which the Court herein incorporates by reference. Now before the Court are Petitioner's motion to alter or amend judgment and motion to recuse the undersigned.[2] [CV Doc. 7]. In his motion, Petitioner asserts that the Court operated

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:22-cv-00625-MOC, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:16-cr-00221-MOC-DCK-1.

[2] The Court considers Petitioner's motion under Rule 59(e) because it was filed within 28 days of the final judgment in this matter. See MLC Auto., LLC v. Town of S. Pines, 532 F.3d 269, 280 (4th Cir. 2008); In re Burnley, 988 F.2d 1, 2-3 (4th Cir. 1992).

under a "gross misunderstanding of what actual events were surrounding the case" and purports to correct "[e]ach and ever mis-statement by the court" in his motion. [Id. at 1 (errors in original)]. Petitioner sets forth paragraphs of what he calls "exculpatory evidence!!!" that was "covered up or minimized by the prosecution" and was a "clear violation of 'BRADY.'" [Id. at 1-2]. Petitioner also recounts his perspective on the conduct of the investigation leading to his arrest and his actions relative thereto. [Id. at 2-3]. Among many accusations in his motion, Petitioner claims, for example, that "everyone keeps looking past what the district judge did, as well as the fourth circuit court of appeals and the supreme court filing, why, to keep up the status quo, nobody wants any of the other judges to look bad, don't rock the boat, if one lies all cover his lie with more lie's…. And all looked past the evidence in favor of a box checked and a bigger pay check[.]" [Id. at 3 (errors uncorrected)]. He contends that "the Attorneys and the probation, and the prosecution all work for [the undersigned] the justice impersonator" and that he "has never seen such a gross abuse of power of those setting on the bench[.]" Petitioner states he "will publicize everything here and every injustice and let the people of the United States decide." [Id.]. Petitioner further claims that by "dismissing the merits of the petition or this petitioner and his evidence that [the undersigned] dismissed during trial show's that you are bios and prejudice and trying to cover up [the undersigned's] mistakes with intimidation." [Id. at 4 (errors uncorrected)]. Petitioner asserts that the undersigned; Assistant United States Attorneys William Bowne, III, and Christopher Fenton; probation officer Aca Gravely;[3] and postal inspector Mark Heath "were part of a greater scheme and conspiracy to defame and discredit the petitioner who is clearly an innocent man." [Id. at 4]. Petitioner also claims that "judges Keegan,[4] Thacker and Cogburn all owning ESG stocks which

---

[3] Petitioner also refers to her as Asa Graverly. [CV Doc. 7 at 4].

[4] It appears that Petitioner is referencing Fourth Circuit Senior Judge Barbara Milano Keenan, who was on the panel that decided Petitioner's appeal, and not Supreme Court Justice Elena Kagan.

2

are anti oil and gas stocks and also owning oil and gas stocks clearly proves not only did the circuit judge Cogburn HOLD competitive stock, also two (2) fourth circuit judges violated the rules of ethics court rule by owning stock in oil and gas as well as ESG." [Id. at 4]. Petitioner contends that he was tried "as a sweepstakes scammer instead of an oil and gas executive … to cover up this material fact." [Id.]. Petitioner asserts that, "everything mentioned herein shows one thing, the government has used intimidation and deception designed by conspiracy to do one thing, to scare away anyone that would want to defend or help defend the petitioner." [Id. at 5]. Finally, Petitioner claims that he received ineffective assistance at trial because his attorneys ignored his objections "because [they] had no experience in trying cases, their only order of business was to make pleas of guilty, just wanting to collect a pay check, never wanting to work for the money and do whatever the judge told them." [Id. ].

For relief, Petitioner wants the Court to apologize "for this gross injustice" and to "[i]mmediately vacate and overturn the sentence and conviction and the let the petitioner go," or, alternatively, to grant a new trial. [Id. at 5]. Petitioner also asks for the undersigned to recuse himself. [Id.].

## II.  MOTION TO RECUSE

The Court will address Petitioner's motion to recuse first. Judicial recusals are governed by a framework of interlocking statutes. Under 28 U.S.C. § 455(a), all "judge[s] of the United States" have a general duty to "disqualify [themselves] in any proceeding in which [their] impartiality might reasonably be questioned." In turn, the following subsection, 28 U.S.C. § 455(b), offers a list of other situations requiring recusal, one of which is where a judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). The bias or prejudice must "result in an opinion

on the merits [of a case] on some basis other than what the judge learned from his participation in the case." Id. at 545 n. 1 (quoting United States v. Grinnell Corp., 384 U.S. 563, 583 (1966)). Section 144 requires recusal "whenever a party to any proceeding in a district court makes a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party…." 28 U.S.C. § 144. The affidavit must state with particularity "the facts and the reasons for the belief that bias or prejudice exists…," id., and be "sufficiently definite and particular to convince a reasonable person that bias exists," United States v. Farkas, 669 Fed. App'x 122, 123 (4th Cir. 2016) (per curiam) (citation omitted). If the affidavit is legally sufficient, the court must recuse itself. Sine v. Local No. 992 Int'l Bhd. of Teamsters, 882 F.2d 913, 914 (4th Cir. 1989). However, "[a]ssertions merely of a conclusionary nature are not enough, nor are opinions and rumors." Farkas, 669 Fed. App'x at 123 (quoting United States v. Haldeman, 559 F.2d 31, 34 (D.C. Cir. 1976)).

Petitioner has failed to support his motion for the Court's recusal. As a threshold matter, Petitioner submitted no affidavit attesting to facts and reasons for the Court's recusal. As such, the Court denies it on this ground alone. The Court also notes, however, that Petitioner's motion would be unavailing in any event. That is, the Court's prior adverse judicial rulings and the Plaintiff's conclusory claims of animus and bias do not provide a basis for recusal. See generally Liteky v. United States, 510 U.S. 540, 555 (1994) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."); United States v. Cherry, 330 F.3d 658, 665 (4th Cir. 2003) ("a presiding judge is not … required to recuse himself simply because of 'unsupported, irrational or highly tenuous speculation'") (quoting United States v. DeTemple, 162 F.3d 279, 287 (4th Cir. 1998)). The jury heard all the evidence in this case and convicted the Petitioner on one count of conspiracy to commit mail and wire fraud, 26 counts of wire fraud, and four counts of

4

money laundering. [CR Docs. 338, 456]. The Fourth Circuit affirmed Petitioner's conviction and sentence, United States v. Stencil, 859 Fed. App'x 654 (4th Cir. 2021), and the Supreme Court denied Petitioner's writ of certiorari, 142 S.Ct. 518 (2021). Petitioner continues to maintain his innocence and blames his convictions on the undersigned, investigators, the prosecutors, his attorneys, witnesses at trial, and his co-Defendant; and contends that the Fourth Circuit and the Supreme Court are part of some elaborate conspiracy to cover up the undersigned's "lies." While Petitioner here recounts many alleged "facts" he claims show bias and prejudice, his actual claims of bias and prejudice against the undersigned consist of conclusory hyperbole, distortions, and falsehoods. These sorts of fanciful, far-fetched claims abuse the judicial process and would not "convince a reasonable person that bias exists." See Farkas, 669 Fed. App'x at 123.

Petitioner also claims that the Supreme Court Justice Keegan, Fourth Circuit Judge Thacker, and the undersigned own "anti oil and gas stocks," which caused the Court to try the Petitioner as "sweepstake scammer … to elevate the worth of the stock they own." [CV Doc. 7 at 4]. The Court, nor the Judges on the Court of Appeals for the Fourth Circuit, did not decide the prosecution's theory of the case, nor was the outcome of the trial in this matter affected by any of the undersigned's putative stock holdings. Again, Petitioner's motion wholly lacks any sworn support for these accusations. Petitioner's motion seeking recusal is denied.

### III. RULE 59 MOTION

Regarding motions to alter or amend judgments under Rule 59(e), the Fourth Circuit Court of Appeals has said:

> A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice."

Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id. Indeed, the circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)).

Petitioner has not shown the existence of the limited circumstances under which a Rule 59(e) motion may be granted. Petitioner's motion does not present evidence that was unavailable when he filed his motion to vacate. Rather, Petitioner points to evidence that he either presented in aid of his motion to vacate or was available when he filed it. Nor does Petitioner's motion stem from an intervening change in the applicable law. Furthermore, Petitioner has not shown that a clear error of law has been made, or that failure to grant the motion would result in manifest injustice to him. See Hill, 277 F.3d at 708. While Petitioner contends great injustices have been perpetrated against him before and during the trial in this matter, no manifest injustice affording Petitioner relief under Rule 59(e) has been shown. That is, Petitioner's unsupported claims of nearly universal collusion to secure his conviction do not satisfy the very high bar to relief under Rule 59(e). The Court, therefore, will deny Petitioner's motion.[5]

---

[5] The Court notes that, if it had considered Petitioner's motion under Rule 60(b), it would have also failed as an attempt at successive collateral review. See United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003) (requiring district courts to review Rule 60(b) motions to determine whether such motions are tantamount to a Section 2255 motion).

## IV. CONCLUSION

For the foregoing reasons, the Court will deny Petitioner's motion to recuse and motion to reconsider under Rule 59(e).

**IT IS, THEREFORE, ORDERED** that Petitioner's motion to recuse and motion to consider [Doc. 7] are **DENIED**.

Signed: July 31, 2023

Max O. Cogburn Jr
United States District Judge