UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:22-cv-00625-MOC
(CRIMINAL CASE NO. 3:16-cr-00221-MOC-DCK-1)

| | |
|---|---|
| **ROBERT LESLIE STENCIL,** | )<br>) |
| **Petitioner,** | )<br>) |
| vs. | ) **ORDER**<br>) |
| **UNITED STATES OF AMERICA,** | )<br>)<br>) |
| **Respondent.** | )<br>) |

**THIS MATTER** is before the Court on Petitioner's "Motion to Recuse for Financial Conflict of Interest." [Doc. 9].

## I. BACKGROUND

The Court previously detailed the relevant factual and procedural background in this matter in its May 8, 2023 Order denying and dismissing with prejudice Petitioner's Section 2255 Motion to Vacate, Set Aside or Correct Sentence, [see Doc. 5], which the Court herein incorporates by reference.[1] On August 1, 2023, Petitioner moved the Court to reconsider its denial of Petitioner's motion to vacate and for recusal of the undersigned, arguing *inter alia* that the undersigned is biased and prejudice, was part of a "greater scheme and conspiracy" to defame and discredit the Petitioner, and owns "ESG stocks which are anti oil and gas stocks," and that Petitioner was tried

---

[1] Of note, on February 4, 2020, Petitioner timely filed a Notice of Appeal from the Judgment entered on his criminal convictions on one count of conspiracy to commit mail and wire fraud, 26 counts of wire fraud, and four counts of money laundering. [Criminal Case No. 3:16-cr-00221-MOC-DCK-1 ("CR") Doc. 458; see CR Doc. 456: Judgment]. On September 28, 2023, the Fourth Circuit dismissed Petitioner's appeal for his failure to prosecute. [CR Doc. 627-1]. Petitioner has no other pending appeals before the Fourth Circuit.

"as a sweepstakes scammer instead of an oil and gas executive … to cover up this material fact."

[Doc. 7]. In denying Petitioner's motion to recuse, this Court held:

> Petitioner has failed to support his motion for the Court's recusal. As a threshold matter, Petitioner submitted no affidavit attesting to facts and reasons for the Court's recusal. As such, the Court denies it on this ground alone. The Court also notes, however, that Petitioner's motion would be unavailing in any event. That is, the Court's prior adverse judicial rulings and the Plaintiff's conclusory claims of animus and bias do not provide a basis for recusal. See generally Liteky v. United States, 510 U.S. 540, 555 (1994) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."); United States v. Cherry, 330 F.3d 658, 665 (4th Cir. 2003) ("a presiding judge is not … required to recuse himself simply because of 'unsupported, irrational or highly tenuous speculation'") (quoting United States v. DeTemple, 162 F.3d 279, 287 (4th Cir. 1998)). The jury heard all the evidence in this case and convicted the Petitioner on one count of conspiracy to commit mail and wire fraud, 26 counts of wire fraud, and four counts of money laundering. [CR Docs. 338, 456]. The Fourth Circuit affirmed Petitioner's conviction and sentence, United States v. Stencil, 859 Fed. App'x 654 (4th Cir. 2021), and the Supreme Court denied Petitioner's writ of certiorari, 142 S.Ct. 518 (2021). Petitioner continues to maintain his innocence and blames his convictions on the undersigned, investigators, the prosecutors, his attorneys, witnesses at trial, and his co-Defendant; and contends that the Fourth Circuit and the Supreme Court are part of some elaborate conspiracy to cover up the undersigned's "lies." While Petitioner here recounts many alleged "facts" he claims show bias and prejudice, his actual claims of bias and prejudice against the undersigned consist of conclusory hyperbole, distortions, and falsehoods. These sorts of fanciful, far-fetched claims abuse the judicial process and would not "convince a reasonable person that bias exists." See Farkas, 669 Fed. App'x at 123.

[Doc. 8 at 4-5].

Now before the Court is Petitioner's motion for recusal of the undersigned and the Honorable Judges for the United States Court of Appeals for the Fourth Circuit Stephanie Thacker

2

and Barbara M. Keenan[2] pursuant to 28 U.S.C. § 455 and 18 U.S.C. § 208.[3]  [Doc 9].  In his motion, Petitioner argues that the undersigned has disclosed "financial interests in oil and gas stocks and anti-oil and gas stocks that present a clear conflict with [his] judicial duties in this matter[.]"  [Id. at 1].  Specifically, Petitioner asserts that:

> [The undersigned] disclosed holding investments in the Oppenheimer Growth Fund (now known as Invesco Oppenheimer International Growth Fund) and the BlackRock Equity Dividend Fund Institutional Class.  The Oppenheimer fund invests significantly in oil and gas companies, while the Black Rock fund follows an ESG strategy that often opposes investments in the oil and gas sector.  These conflicting interests were present during the trial held on January 7, 2019.

[Id. at 1-2].  Petitioner argues these holdings "create reasonable doubt about [the undersigned's] ability to impartially adjudicate matters involving the oil and gas industry."  [Id. at 2].  With his motion, Petitioner submits a purported Affidavit[4] to which he attaches a screen shot of an image titled "Sector Breakdown," which Plaintiff labeled "Oppenheimer Invesco judge Cogburn Holdings."  [Doc. 9-1; id. at 5].  The "Sector Breakdown" appears to report "Energy 3.61%."  Also attached to Plaintiff's purported Affidavit is a screenshot Plaintiff has labeled "Judges Cogburn and Thanker 2019-2020," which lists among other things, "Blackrock Eqty Dividend Fund Instl."[5]  [Id. at 6].

---

[2] Because this Court has no authority to order the recusal of Judges Keenan and Thacker, the Court addresses only Petitioner's claims against the undersigned.

[3] Section 208 criminally penalizes federal government officials who act based on personal financial interest. 18 U.S.C. § 208.  It provides no avenue for relief for Petitioner here.

[4] In his "Motion Affidavit for Recusal Pursuant to Rule 144," Petitioner does not attest to being competent to testify or that the affidavit is made on his personal knowledge.  [See Doc. 9-1 at 1-13; Doc. 9 at 6].

[5] Although he does not seek recusal of Magistrate Judge David Keesler, Petitioner also asserts that Judge Keesler has disclosed a financial interest in the Oppenheimer International Growth Fund during January 1, 2019 to 2020, "present[ing] clear conflict with his judicial duties in this matter… also warranting recusal." [Doc. 9-1 at 12].

3

For relief, Petitioner asks the Court to vacate his sentence and immediately release him on bond "pending any future hearings or negotiated settlements," and for return of certain forfeited property, recusal of the undersigned, monetary damages, and "immediate commencement of negotiations between the plaintiff and the US government to settle this matter." [Id. at 3; see CR Doc. 385: Forfeiture Order]. Plaintiff also requests appointment of a "constitutional attorney." [Id.].

## II. ANALYSIS

Under 28 U.S.C. § 455(a), all "judge[s] of the United States" have a general duty to "disqualify [themselves] in any proceeding in which [their] impartiality might reasonably be questioned." In turn, the following subsection, 28 U.S.C. § 455(b), offers a list of other situations requiring recusal, one of which is where a judge "knows that he … has a financial interest in the subject matter in controversy … or any other interest that could be substantially affected by the outcome of the proceeding." 28 U.S.C. § 455(b)(5). Under the "safe harbor" created in § 455(d)(4)(i), however, "[o]wnership in a mutual or common investment fund that holds securities is not a 'financial interest' in such securities unless the judge participates in the management of the fund." 28 U.S.C. § 455(d)(4)(i). "Congress created this exception to enable judges to hold securities without risking recusal across a broad range of cases." Central Telephone Co. of Virginia v. Sprint Communications Co. of Virginia, Inc., 715 F.3d 501, 515 (4th Cir. 2013) (citations omitted) (applying the safe harbor exception in § 455(d)(4)(i) to the district judge's interest in a "common investment fund" in whose management the judge did not participate).

Section 144 requires recusal "whenever a party to any proceeding in a district court makes a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party…." 28 U.S.C. § 144. The

4

affidavit must state with particularity "the facts and the reasons for the belief that bias or prejudice exists…," id., and be "sufficiently definite and particular to convince a reasonable person that bias exists," United States v. Farkas, 669 Fed. App'x 122, 123 (4th Cir. 2016) (per curiam) (citation omitted). If the affidavit is legally sufficient, the court must recuse itself. Sine v. Local No. 992 Int'l Bhd. of Teamsters, 882 F.2d 913, 914 (4th Cir. 1989). However, "[a]ssertions merely of a conclusionary nature are not enough, nor are opinions and rumors." Farkas, 669 Fed. App'x at 123 (quoting United States v. Haldeman, 559 F.2d 31, 34 (D.C. Cir. 1976)).

Petitioner contends that the undersigned's holdings in the Blackrock Equity Dividend Fund ("Blackrock") and the Oppenheimer International Growth Fund ("Oppenheimer") at the time of Petitioner's trial constitute financial interests warranting his recusal. In this regard, Petitioner argues that Oppenheimer "invests significantly in oil and gas companies," while Blackrock "follows an ESG strategy that often opposes investments in the oil and gas sector." [Id. at 9].

In his Affidavit, Petitioner attests that "Judges Cogburn, Keenan, and Thacker conspired to place the defendant in a superseding indictment because the original indictment was frivolous" and "allowed the defendant to be tried alongside co-defendants involved in a sweepstakes scam, crafting a narrative that did not fit his conduct as an oil and gas (energy) CEO." [Doc. 9-1 at 2-3]. Petitioner further attests that "[t]he judges' bias and prejudice were evident in allowing the defendant to be tried for actions he did not commit, hiding these facts to ruin his reputation and close down his energy companies." [Id. at 3].

Petitioner has plainly failed to support his motion for the undersigned's recusal. Even if the Court ignores the aforementioned deficiencies in Petitioner's Affidavit, Petitioner's purported factual allegations are conclusory and legally insufficient to support recusal. See Farkas, 669 Fed. App'x at 123. Petitioner again claims the undersigned and Judges Thacker and Keenan engaged

5

in some nebulous conspiracy to have Petitioner tried as a sweepstakes scammer rather than as an oil and gas executive. While the Petitioner may consider himself an oil and gas executive, the Court did not decide the prosecution's theory of the case. Again, the jury heard the substantial evidence against Petitioner in this case and convicted him on 31 counts. Moreover, Petitioner's bald claim that the undersigned "convicted the defendant for personal gain" [Doc. 9-1 at 2] is wholly unsupported by the materials before the Court. Petitioner asserts only that the undersigned had interests in Oppenheimer and Blackrock, both common investment funds not managed by the undersigned, at the time of Petitioner's trial in this matter. In addition to falling within the safe harbor provision, Petitioner himself characterizes these funds as pro- and anti-oil and gas, respectively, but fails to explain or allege how the undersigned could or did operate from a place of bias where the funds themselves have allegedly competing interests. If anything, the undersigned's interests in these funds, as characterized by Petitioner, undermines any claim of bias.

In sum, Petitioner has failed to present facts or reasons "sufficiently definite and particular to convince a reasonable person that bias exists," see Farkas, 669 Fed. App'x at 123, or otherwise show that recusal is warranted, see 28 U.S.C. §§ 455(a), (b)(4). The Court, therefore, will deny Petitioner's motion, including his request for an attorney which is moot and unsupported in any event. See Rules Governing § 2255 Proceedings, Rules 6(a) and 8(c); Pennsylvania v. Finley, 481 U.S. 551, 555 (1987).

### III. CONCLUSION

For the foregoing reasons, the Court will deny Petitioner's motion to recuse.

**IT IS, THEREFORE, ORDERED** that Petitioner's motion to recuse [Doc. 9] is **DENIED**.

6

Case 3:22-cv-00625-MOC   Document 10   Filed 09/23/24   Page 6 of 7

**IT IS SO ORDERED**.
Signed: September 23, 2024

Max O. Cogburn Jr
United States District Judge